## Hirah Saunders, appellant, *v.* Lemuel O'Briant, appellee.

### *Appeal from Fulton.*

The act in relation to promissory notes makes the assignor liable only in case the assignee has used due diligence to collect the money from the maker of the note.

Due diligence does not consist in merely instituting suit against the maker, and prosecuting it to judgment.   In order to show this diligence, it is clearly the duty of the assignee to prove, that within the county where the suit was commenced, he had used all the means that the law had furnished, him with, to collect the money.

Where the plaintiff, the assignee of a promissory note, in order to charge the assignor, proved that he had used due diligence in instituting and prosecuting a suit to judgment upon the note, before a justice of the peace, and had issued execution thereon in due season, and delivered the same to a constable, who had returned the same, " no property found ": *Held,* that this did not show the due diligence required by the statute ; and that to make the assignor liable, it should have appeared, that a transcript of the judgment of the justice had been filed in the office of the clerk of the Circuit Court of the county in which the suit was instituted, and that execution had been issued thereon, from the clerk

of the Circuit Court, and that it had been returned by the sheriff of the county, that the defendant in such execution had no lands or tenements in the county, out of which the amount of the note could have been collected.

THIS was an action commenced by O'Briant against Saunders, before a justice of the peace of Fulton county, and brought by appeal into the Fulton Circuit Court.

The cause was heard in the Court below, at the June term, 1840, before the Hon. Peter Lott. In addition to the evidence stated in the opinion of the Court, it appeared, on the trial in the Court below, as is shown in the bill of exceptions, that the maker of the note, when called upon by the constable to pay the execution, said he had "no personal property, but he had real property enough." It also appeared from the bill of exceptions, that other testimony was given in the case, on the part of the defendant, tending to show that the maker of the note was able to pay the same, and that it might have been collected from him.

O. H. BROWNING, for the appellant.

WM. ELLIOT, Jr., for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* commenced by O'Briant, as assignee of a promissory note, against Saunders, the assignor. The cause was tried, by consent of parties, by the Court, without a jury. On the trial of the cause in the Court below, O'Briant, in order to prove that he had used due diligence to collect the money from Samuel Porter, who was the drawer of the note, gave in evidence a judgment obtained before a justice of the peace against Porter, and an execution issued thereon, which had been returned by the constable "no property found." On this testimony, the Court below gave judgment in favor of O'Briant, against Saunders. Was this due diligence ? Due diligence does not consist in merely instituting suit against the drawer, and prosecuting it to judgment. If the assignee may stop when he has obtained judgment against the drawer, as contended for by O'Briant's counsel, the very object of bringing a suit would be defeated. The life of a judgment is the execution, which puts the plaintiff in possession of the object sought by the suit ; it was consequently necessary to obtain execution, and show, by its regular return, that efforts had been made to collect the money. But in consequence of the limited jurisdiction of a justice of the peace, real property cannot be reached by an execution issued by him. To remedy this defect, the 29th section of the " *Act concerning Justices of the Peace and Constables,*" provides, that " When it shall appear by the return of the execution, issued as aforesaid, that the defendant has not personal property sufficient to satisfy the debt and costs within the county, in which judgment was rendered ; and it is desired by the plaintiff to have the same

levied on real property in that or any other county, it shall be lawful for the justice to certify to the clerk of the Circuit Court of the county in which such judgment was rendered, a transcript, which shall be filed by said clerk, and the judgment shall thenceforward have all the effect of a judgment of the said Circuit Court, and execution shall issue thereon, out of that Court, as in other cases." (1)

The act relative to promissory notes, only makes the assignor liable in case the assignee has used due diligence to collect the money from the maker of the note. In order to show this diligence, it was clearly the duty of the assignee to prove, that within the county where the suit was commenced, he had used all the means that the law had furnished him with, to collect the money. It was consequently incumbent on O'Briant to prove that an execution had been issued from the clerk of the Circuit Court, and that it had been returned by the sheriff of the county of Fulton, that Porter had no lands or tenements in the county, out of which the amount of the note could have been collected. For want of this evidence, the judgment is reversed with costs.

*Judgment reversed.*

*Note.* See APPENDIX, A. See also Harmon *et al. v.* Thornton, *Ante ;* Raplee *v.* Morgan, *Post.*